# In the United States Court of Federal Claims

No. 17-642V
(Filed: January 10, 2023)
(Reissued: January 27, 2023)[*]
**FOR PUBLICATION**

****************************************
| | |
|---|---|
| ELIZABETH DOLES, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

****************************************

*Benjamin Alexander Christian*, Maglio Christopher & Toale Law Firm, Sarasota, FL, for Petitioner.

*Catherine Elizabeth Stolar*, Trial Attorney, Torts Branch, Civil Division, United States Department of Justice, Washington, D.C., for Respondent. With her on briefs were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, *C. Salvatore D'Alessio*, Director, *Heather L. Pearlman*, Deputy Director, and *Alexis B. Babcock*, Assistant Director.

### ORDER

Petitioner has moved for reconsideration of the portion of this Court's December 16, 2022 Opinion & Order directing reassignment of the case to a different special master on remand. *See* Pet.'s Mot. for Recons. ("Mot.") (ECF 116); U.S. Resp. to Mot. for Recons. ("Resp.") (ECF 118); Pet.'s Reply ("Reply") (ECF 120); Op. & Order (ECF 113); *see also* RCFC App. B, Rule 31. The motion is **DENIED**.

---

[*] This Order was issued under seal on January 10, 2023. The parties were directed to propose redactions by January 24, 2023. No proposed redactions were submitted. The Court hereby releases publicly the Order of January 10 in full.

According to Petitioner, this Court's statutory authority to "remand the petition to *the* special master for further action in accordance with the court's direction" impliedly forecloses remand to *another* special master. *See* 42 U.S.C. § 300aa-12(e)(2)(C) (emphasis added). That argument is not unreasonable: Ordinarily, a definite article ("the") in a statute refers to a particular item or person. *See, e.g.*, *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1356 (Fed. Cir. 2003); *Nielsen v. Preap*, 139 S. Ct. 954, 965 (2019); *Work v. U.S. ex rel. McAlester-Edwards Coal Co.*, 262 U.S. 200, 208 (1923); *Otis v. Walter*, 24 U.S. (1 How.) 192, 194 (1826). But the usual restrictive reading yields when the text calls for a more inclusive one. *E.g.*, *RadioShack Corp. v. United States*, 566 F.3d 1358, 1362–63 (Fed. Cir. 2009); *see also* 1 U.S.C. § 1 (the Dictionary Act, providing that "[i]n determining the meaning of any Act of Congress, unless the context indicates otherwise[,] words importing the singular include and apply to several persons, parties, or things[.]"). Several considerations militate against Petitioner's interpretation.

To begin with, this Court has reasoned in the past that "the Vaccine Act is not a statute in which 'the consistent use of the definite article in reference to something indicates that there is generally only one[.]'" *Day v. Sec'y of Health & Hum. Servs.*, 129 Fed. Cl. 450, 452 (2016) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004)) (alterations omitted). In the very provision at issue here, Congress seems to have used definite and indefinite articles almost interchangeably: "The court shall complete its action on *a* petition within 120 days of the filing of *a* response [to a motion for review] excluding any days *the* petition is before *a* special master as a result of *a* remand[.]"). 42 U.S.C. § 300aa-12(e)(2) (emphasis added). There is no way to draw firm conclusions from Congress's choice of articles alone.

If this Court could only remand to "the" special master who issued the original decision — as Petitioner's reading implies — the Court could not order reassignment even in the event of special master misconduct, or if the special master left office while review was pending. It is implausible that Congress could have wanted that. *See Witco Chem. Corp. v. United States*, 742 F.2d 615, 619 (Fed. Cir. 1984) ("[A]n absurd construction of a statutory provision should be avoided.") (citing *Oates v. National Bank*, 100 U.S. (10 Otto) 239, 244 (1879)). A more practical reading is that the Court's authority to "direct[]" "further action" includes ordering reassignment. *See* 42 U.S.C. §300aa-12(e)(2)(C).

This Court has in fact ordered reassignment in at least one published order. *Richardson ex rel. Richardson v. HHS*, 89 Fed. Cl. 657, 660–61 (Fed. Cl. 2009). *Richardson* is not binding, and it does not address Petitioner's reading of the statute one way or another. But the Federal Circuit later cited *Richardson* in concluding that "fundamental fairness is best served by assigning the case to a different special

master on remand." *Contreras v. Sec'y of Health & Hum. Servs.*, 844 F.3d 1363, 1369 (Fed. Cir. 2017).

Petitioner claims that reassignment in *Contreras* rested on 28 U.S.C. § 2106 — which authorizes appellate courts to "remand the cause and … require such further proceedings to be had as may be just under the circumstances" — rather than the Vaccine Act. Petitioner therefore argues that the *Contreras* court was not limited to a remand to "the special master" who issued the decision under review. 42 U.S.C. §300aa-12(e)(2)(C).[1] Although the Federal Circuit has cited *Contreras* as an example of "reassignment … to preserve the appearance of fairness[,]" *Alta Wind I Owner Lessor C v. United States*, 897 F.3d 1365, 1382 (Fed. Cir. 2018), it does not follow that Section 2106 was the sole basis for reassignment, or even the basis the panel intended to rely on. The *Contreras* court, rather, cited not Section 2106 but *Richardson* and this Court's vaccine rules. Petitioner dismissed that citation as "unexplained," Reply at 1, but that only means that Petitioner cannot reconcile her argument with the *Contreras* court's actual reasoning. This Court must assume that the Federal Circuit cited the authority it deemed relevant.

It would be peculiar if reassignment may be ordered by appellate courts under Section 2106 but not by this Court under the Vaccine Act. Petitioner's rule would mean that parties in Vaccine Act litigation could only obtain reassignment from the Federal Circuit or, in theory, the Supreme Court. Supervision of the special masters ought to be handled here rather than burdening appellate courts. Placing reassignment authority in appellate courts would also create an unfair asymmetry when this Court addresses motions for review: A party could obtain reassignment after *losing* a motion for review, but not after *winning*. After all, if I had denied the government's motion for review, the government could have appealed to the Federal Circuit and sought reassignment to a new special master. But the government could not have appealed to the Federal Circuit from this Court's *grant* of relief. 42 U.S.C. § 300aa-12(f) (permitting appeals by parties "aggrieved by the findings or conclusions of" this Court). If this Court cannot order reassignment, a party that prevails on a motion for review would thus have no way to obtain it — even if the substantive standard for reassignment were met.

As a fallback, Petitioner also argues that the facts do not warrant reassignment and that reassignment would obstruct efficient resolution of the case.

---

[1] Section 2106 compares with this Court's Vaccine Act authority to remand "for further action in accordance with the court's direction." *See* 42 U.S.C. § 300aa-12(e)(2)(C). If authority to reassign on remand can be inferred from Section 2106, then it presumably could be inferred from the Vaccine Act, provided — as explained above — the Act's reference to "the" special master does not carry the weight Petitioner argues.

The standards for reassignment are simple: "fundamental fairness," *Contreras*, 844 F.3d 1363, 1369, and "efficient administration of justice," RCFC App. B, Rule 3(d). Given that the original Special Master has interpreted the same evidence in two inconsistent ways without explanation, it would be fairer and more efficient to place the case before "fresh eyes." Op. & Order at 7.

The remands in *Contreras* and *Richardson* involved kinds of special master error that do not appear in this case. Mot. at 5–6. It is also true that sometimes this Court remands to the same special master repeatedly. Reply at 4. But then again, those cases did not involve the highly unusual error presented here. Op. & Order at 7–8; *contra* Reply at 2–3 (arguing that the Special Master complied with this Court's instructions on remand). *Contreras* deserves a "faithful[]" application as binding precedent, not a reading that limits it to its facts. *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1169 (Fed. Cir. 2018). If *Contreras* and *Richardson* involved unique facts justifying reassignment for reasons of fundamental fairness and efficiency, this case does too.

Although proceedings on the new 90-day remand will certainly be quick, Petitioner's concerns about efficient administration of the case seem overblown. Ordinarily special masters are obligated to decide a case within 240 days after the petition is filed, a period that includes developing the evidentiary record and holding any necessary hearing. 42 U.S.C. §300aa-12(d)(3)(A)(ii); RCFC App. B, Rule 10(b). Contrary to Petitioner's argument, the record in this case — essentially, short reports from two principal experts — is not especially voluminous. After the parties completed briefing on Petitioner's motion for findings of fact and conclusions of law on December 4, 2020, *see* Pet.'s Reply in Supp. FFCOL (ECF 72), the original Special Master issued his first entitlement decision on February 1, 2021 — only 59 days later. Ruling on Entitlement (ECF 73). Besides, no remand can be for longer than 90 days, *see* 42 U.S.C. §300aa-12(e)(2), regardless of how large the record or how complicated the issues to address might be.

- 5 -

Petitioner may claim in a future appeal to the Federal Circuit that reassignment was in error, Mot. at 7, but the Federal Circuit can consider that argument in the context of whether the new Special Master's conclusions are arbitrary and capricious. 42 U.S.C. § 300aa-12(f); *Lozano v. Sec'y of Health & Hum. Servs.*, 958 F.3d 1363, 1368 (Fed. Cir. 2020) (while the Federal Circuit owes "no deference to the trial court or the special master on questions of law," it will "uphold the special master's findings of fact unless they are arbitrary or capricious"). Ultimately, as explained in the Opinion & Order, inconsistencies in the original Special Master's decisions make it unproductive to remand to the same Special Master once again. Op. & Order at 9. Reassignment on remand is still the more efficient course, notwithstanding the possible challenges on remand and afterward.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz  
STEPHEN S. SCHWARTZ  
Judge