**CORRECTED**

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: July 11, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| ELIZABETH DOLES, | * | |
| | * | |
| Petitioner, | * | No. 17-642V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Damages Award on Remand; Proffer; |
| AND HUMAN SERVICES, | * | Multiple Sclerosis ("MS"); Significant |
| | * | Aggravation; Tetanus Diphtheria Acellular |
| Respondent. | * | Pertussis ("Tdap") Vaccine; Polio Vaccine. |
| | * | |
| * * * * * * * * * * * * * * * | | |

Joseph Vuckovich, Maglio Christopher & Toale, P.A., Washington, DC, for Petitioner.
Catherine Stolar, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON REMAND AWARDING DAMAGES BASED ON PROFFER**[1]

On May 16, 2017, Elizabeth Doles ("Petitioner") filed a petition under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018)[2] alleging that she suffered acute disseminated encephalomyelitis ("ADEM") as a result of her receipt of the polio vaccination on April 4, 2016 and/or the tetanus, diphtheria, and pertussis ("Tdap") vaccination on April 22, 2016. Petition at ¶¶ 1, 5-7 (ECF No. 1.) On July 5, 2019, Petitioner amended her petition, now alleging that the vaccinations she received in April of 2016 caused her central nervous system ("CNS") demyelination best categorized as multiple

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act").  All citations in this Ruling to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

sclerosis ("MS"). Amended Petition at ¶¶ 1, 7 (ECF No. 44). Petitioner alleged that her condition was caused, or alternatively significantly aggravated, by her vaccinations. Id. at ¶ 10.

On February 1, 2021, Special Master Horner issued a ruling finding Petitioner entitled to compensation. Ruling on Entitlement dated Feb. 1, 2021 (ECF No. 73).

On October 4, 2021, Respondent filed a Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A. The next day, Special Master Horner issued a decision based on the Proffer. Decision Awarding Damages dated Oct. 5, 2021 (ECF No. 83). Subsequently, Respondent filed a motion seeking review of Special Master Horner's February 1, 2021 Ruling on Entitlement. Respondent's Motion for Review, filed Nov. 4, 2021, at 1 (ECF No. 86). On April 1, 2022, Judge Schwartz issued an opinion reversing and remanding Special Master Horner's Ruling on Entitlement and vacating the Decision Awarding Damages. Opinion and Order dated April 1, 2022, at 10 (ECF No. 90).

On June 24, 2022, Special Master Horner issued a decision again finding that Petitioner was entitled to compensation. Decision on Remand dated June 24, 2022, at 2 (ECF No. 102). Respondent again appealed. Respondent's Motion for Review, filed July 22, 2022, at 1 (ECF No. 105). On December 16, 2022, Judge Schwartz issued an opinion vacating Special Master Horner's June 24, 2022 Decision and remanding the case to a new special master. Opinion and Order dated Dec. 16, 2022, at 9 (ECF No. 113).

On March 15, 2023, Special Master Oler issued a decision dismissing Petitioner's petition. Decision on Remand dated Mar. 15, 2023, at 2 (ECF No. 129). Petitioner filed a motion for review. Petitioner's Motion for Review, filed Apr. 14, 2023, at 1 (ECF No. 132). On August 30, 2023, Judge Schwartz denied Petitioner's motion for review. Opinion and Order dated Aug. 30, 2023, at 12 (ECF No. 137). Petitioner appealed the denial to the United States Court of Appeals for the Federal Circuit. Notice of Docketing dated Sept. 21, 2023 (ECF No. 140).

On April 23, 2025, the Federal Circuit found Petitioner entitled to compensation under the Vaccine Act, reinstated Special Master Horner's February 1, 2021 Ruling on Entitlement, and remanded for a determination of damages. Doles v. Sec'y of Health & Hum. Servs., No. 2023-2404, 2025 WL 1177875, at *1 (Fed. Cir. Apr. 23, 2025). A formal mandate was issued on June 16, 2025. Mandate (ECF No. 144). Subsequently, on June 24, 2025, the case was remanded, and assigned to the undersigned. Order dated June 24, 2025 (ECF No. 154) (remanding case); Notice of Reassignment dated June 26, 2025 (ECF No. 147).

On July 2, 2025, Respondent filed a joint status report stating the parties agreed damages should be award based on the October 4, 2021 Proffer. Joint Status Report, filed July 2, 2025 (ECF No. 149). The undersigned held a status conference on July 10, 2025 to confirm that the Proffer, which was agreed to in 2021, was still valid and represented appropriate compensation as agreed upon by the parties. See Minute Entry dated July 10, 2025. At the status conference, the parties confirmed that Petitioner and Respondent agree with the proffered award set out in 2021. Further, the parties confirmed that although the Proffer was filed on October 4, 2021, the Proffer accurately represents the damages available to Petitioner in 2025.

Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer. Pursuant to the terms stated in the attached Proffer, the undersigned awards Petitioner:

> **(1) A lump sum payment of $137,400.00, representing compensation for $135,000.00 in pain and suffering and $2,400.00 in past unreimbursable expenses, in the form of a check payable to Petitioner.**

Proffer at 2-3. This amount represents all elements of compensation to which petitioner is entitled under § 15(a). Id. at 3.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ELIZABETH DOLES, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 17-642V |
| v. ) | Special Master Horner |
| ) | ECF |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On May 16, 2017, Elizabeth Doles ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that her receipt of a polio vaccine and a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine on April 4, 2016 and April 22, 2016, respectively, caused or significantly aggravated Acute Disseminated Encephalomyelitis. ECF No. 1, at 1-2. On April 24, 2018, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report setting forth the reasons why petitioner was not entitled to compensation. ECF No. 21. On July 5, 2019, petitioner filed an amended petition, alleging that as a result of her April 4, 2016 and April 22, 2016 vaccinations, she "has suffered from central nervous system (CNS) demyelination."[1] ECF No. 44 at 2. On February 1, 2021, following briefing by both parties, the

---

[1] In the amended petition, petitioner further alleged that "Dr. John Steel, a neurology expert retained by Petitioner, has opined that Petitioner's neurological injuries are best characterized as multiple sclerosis (MS)." ECF No. 44 at 2.

Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation for a significant aggravation of MS.[2]  ECF No. 73.

## I.     Items of Compensation

### A.    Pain and Suffering

Respondent proffers that petitioner should be awarded **$135,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

### B.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$2,400.00**.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Special Master's decision and the

---

[2]  The parties have no objection to the amount of the proffered award of damages set forth herein.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's February 1, 2021 Ruling on Entitlement.  This right accrues following issuance of the damages decision.

2

Court's judgment award the following[3]: a lump sum payment of **$137,400.00**, in the form of a check payable to petitioner.

<u>Summary of Recommended Payments Following Judgment</u>

Lump sum payable to petitioner, Elizabeth Doles:                           **$137,400.00**

                                    Respectfully submitted,

                                    BRIAN M. BOYNTON
                                    Acting Assistant Attorney General

                                    C. SALVATORE D'ALESSIO
                                    Acting Director
                                    Torts Branch, Civil Division

                                    HEATHER L. PEARLMAN
                                    Deputy Director
                                    Torts Branch, Civil Division

                                    DARRYL R. WISHARD
                                    Assistant Director
                                    Torts Branch, Civil Division

                                    <u>/s/ *Catherine E. Stolar*</u>
                                    CATHERINE E. STOLAR
                                    Trial Attorney
                                    Torts Branch, Civil Division
                                    U.S. Department of Justice
                                    P.O. Box 146
                                    Benjamin Franklin Station
                                    Washington, D.C. 20044-0146
                                    Tel.: (202) 353-3299
                                    Fax: (202) 616-4310
                                    Email: catherine.stolar@usdoj.gov

DATED: October 4, 2021

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.